UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JUL 3 0 2012

PER _____
DEPUTY CLERK

PAUL CROSS,  :
   :
    Petitioner  :
   :
v.  : CIVIL NO. 3:CV-12-1418
   :
JEFFREY THOMAS,  : (Judge Kosik)
   :
    Respondent  :

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Paul Cross ("Cross"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. He has paid the required filing fee in this matter. (Doc. 2.) Cross is challenging his conviction and sentence in the United States District Court for the Southern District of Florida on charges including: (1) Conspiracy to Possess with Intent to Distribute Cocaine; (2) Use of Firearms in Commission of a Felony; (3) Possession of Firearm by Convicted Felon; (4) Possession of Unregistered Firearms; and (5) Intimidation of Witnesses, Jurors, etc. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I. **Background**

Cross and seven other individuals were arrested on February 26, 1993, on various charges including drugs and firearms. Cross was found guilty following a jury trial on November 4, 1994, and sentenced on June 14, 1995 as follows: imprisonment for a term of 360 months for Conspiracy to Possess with Intent to Distribute Cocaine and 120 months on the Possession of Firearms and Intimidation counts. These terms were ordered to run concurrently with each other. Cross was further sentenced to 30 years imprisonment on the Use of Firearms charge, to be served consecutively to the other terms. He thereafter filed a direct appeal with the Eleventh Circuit Court of Appeals on June 15, 1995, and his conviction and sentence were affirmed on September 2, 1999. Cross states that he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida raising the ground of ineffective assistance of counsel that was denied on May 6, 2002.

In the petition, he challenges his conviction and sentence with respect to the "Use of Firearms" count claiming that his conviction/sentence are invalid because the trial court erred when it failed to instruct the jury on the definition of "machine gun" under 26 U.S.C. § 5845. Specifically, he argues that the government failed to prove beyond a reasonable doubt the elements of the definition - - that Cross knew the weapon had characteristics that brought it within the statutory definition of a machine

2

gun pursuant to § 5845(b) that defines said characteristics. Cross maintains that his weapon was not designed/manufactured as a machine gun, and there was no alteration or modification made to the weapon. For these reasons, he claims that a proper jury instruction was important and that the court failed to give a full instruction. Based on the foregoing, he files the instant habeas petition pursuant to 28 U.S.C. § 2241 claiming he is actually innocent of using a machine gun due to the improper instruction. He requests that his conviction with respect to this offense to be vacated and/or that he be re-sentenced to a regular firearm conviction.

## II. Discussion

This matter is before the Court for screening. See 28 U.S.C. § 2243. The petition has been give preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)(applicable to § 2241 petition under Rule 1(b)). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d

Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Cross attempts to raise claims in the pending § 2241 petition that clearly fall within the purview of § 2255. As noted above, he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion

under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Clearly, he is unable to establish inadequacy or ineffectiveness as he admits that he has previously filed a § 2255 motion in the Southern District Court of Florida wherein such claims could have been pursued. Merely because he was unsuccessful in his attempts or because he failed to raise his challenge to the Use of Firearms conviction/sentence in his earlier motion does not establish the inadequacy or ineffectiveness of the § 2255 remedy. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Further, the court notes that in reviewing the dockets of the Southern District of Florida, as well as the Eleventh Circuit, with respect to Cross' conviction/sentence, see http://www.pacer.gov, it appears that he may have filed an earlier §2255 motion in September of 2000 that was unsuccessfully appealed through the Eleventh Circuit Court of Appeals, as well as a more recent § 2255 motion in June of 2012 that appears to still be pending in the trial court.[1] Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction. An appropriate order follows.

---

[1] Further, there is also no indication that Cross has filed a motion with the Eleventh Circuit Court of Appeals seeking permission to file a second or successive § 2255 motion.